**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM FLEMING,<br>　　　Plaintiff, | ) ) ) | FILED: AUGUST 14, 2008 |
| | ) | 08CV4618 |
| 　　-vs- | ) ) | No.　JUDGE BUCKLO |
| | ) | 　　　MAGISTRATE JUDGE COLE |
| | ) | |
| Chicago Police Officer TAMLO  Star #14977, | ) | 　　TC |
| Chicago Police Officer PILGRIM Star #14264, and | ) | |
| The CITY OF CHICAGO | ) | |
| 　　　Defendants. | ) | |
| | ) | |

**CIVIL COMPLAINT**

**NOW COMES** the plaintiff, WILLIAM FLEMMING, by and through his

attorneys, CIVIL RIGHTS CENTER, complaining of the Defendants, Chicago Police

Officers TAMLO and PILGRIM, and The CITY OF CHICAGO, and states as follows:

**INTRODUCTION**

1. This is a civil action seeking damages against defendants for committing acts

    under color of law, and depriving plaintiffs of rights secured by the Constitution

    and laws of the United States.  In sum, Plaintiff was harassed, threatened, falsely

    arrested and imprisoned by members of the Chicago Police Department.

**JURISDICTION**

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42

    U.S.C., § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the

    Constitution of the United States; and pendent jurisdiction for attendant state

    claims as provided under U.S.C., § 1367(a).

**PARTIES**

3.  Plaintiff, William Fleming is a legal resident of the United States, who resides at 948 North Cleveland, in Chicago, Illinois 60638.

4.  Defendants Officers Tamlo and Pilgrim were, at the time of this occurrence, employees of the City of Chicago Police Department and acted under their authority as duly appointed police officers in the City of Chicago Police Department at all relevant times.

5.  Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois.  It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was the employer of Defendant Officers.

## BACKGROUND FACTS

6.  On or about May 7th 2007, Plaintiff was working as a community organizer/ activist in Cabrini Green housing projects in Chicago, IL.

7.  Among the many tasks of Plaintiff's job description, were to keep children safe while leaving school, advise the Cabrini Green Community of their rights, and also to inform victims of Police brutality of their legal ramifications.

8.  On May 7, 2007 a member of the community called Plaintiff and asked him to come to the location in Cabrini Green where a fourteen year old boy had been seen being beaten by police officers.

9.  When Plaintiff arrived at the location he began speaking with the mother of the young boy who'd been beaten.   As the two were conversing Police Officers who were previously acquainted with Plaintiff through Plaintiff's work approached Plaintiff and asked him why was he there.  Plaintiff responded that he'd been

2

called by a concerned citizen and the boy's mother confirmed that she wanted

Plaintiff there.

10. The boy's mother informed Plaintiff that her son had been taken to the hospital.

Plaintiff then informed the boy's mother that since her son was a minor she would

need to accompany her son to the hospital to giver parental consent to the hospital

to treat him.

11. Plaintiff accompanied the boy's mother to the hospital and upon arrival the boy's

mother attempted to inquire about her son to hospital personnel with Plaintiff by

her side.  While the boy's mother spoke with members of the hospital's staff

Defendant Police Officers approached her and Plaintiff and told them that they

could not be there and that they would have to leave.

12. However, Plaintiff informed the Defendant Officers that the boy's mother had a

right to be there because her son was a minor and that he too could be there

because he was the mother's legal advisor.

13. Security personnel for the hospital then informed the Defendant Police Officers

that Plaintiff was correct and that both Plaintiff and the boy's mother could stay.

14. Following this exchange with the security guard one of the Police Officers

threatened Plaintiff that he would see him back in the Cabrini Green

neighborhood, to which Plaintiff responded that the cameras would see him too.

15. On the next day May 8, 2007 while Plaintiff was at work, helping school children

to cross the street he was approached by Defendant Officers.  Plaintiff was then

harassed by Defendant Officers regarding the previous night and then without a

lawful basis Plaintiff was arrested in retaliation for the night before.

16. Defendant Officers proceeded to fabricate a police report and falsely charged Plaintiff with criminal trespass to property.

17. Plaintiff was unlawfully detained overnight, until he posted bail.

18. Defendant Officers failed to appear at the initial court date and the charges against Plaintiff were subsequently dropped.

## COUNT I--FALSE ARREST

19. Plaintiff realleges and reincorporates all previous paragraphs.

20. As described above, Defendant Officers conspired among themselves and falsely arrested and detained Plaintiff without justification and without probable cause thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

21. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

22. In support of the false arrest, Defendant Officers swore out complaints containing false information, and wrote police reports containing false information.

23. Defendant Officers knew these complaints to be false.

24. By this conduct, Defendant Officers caused the unlawful detention of Plaintiff.

25. As a direct and proximate result of the wrongful actions of Defendants, Plaintiff suffered mental, emotional and physical damage and traumas, humiliation, loss of liberty, mental distress and anguish.

26. WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor, awarding damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

4

## COUNT II—MALICIOUS PROSECUTION

27. Plaintiff incorporates and realleges all previous paragraphs.

28. The Defendant Officers knowingly and maliciously caused criminal charges to be filed and prosecuted against William Flemming.

29. There was no probable cause for the institution of a criminal charge against William Flemming.

30. The criminal proceedings were commenced and continued maliciously.

31. The Defendant Officers facilitated this malicious prosecution by creating false police reports, which they knew to be false.

32. Defendant Officers swore out false criminal complaints, which they knew to be false, which resulted in charges being brought against William Flemming.

33. Plaintiff was wrongfully incarcerated as a direct result of the prosecution of this criminal charge.

34. The false criminal trespass charge against William Flemming was dismissed.

35. Flemming was injured, including emotional and physical damage, lost wages, legal fees, traumas, humiliation, loss of liberty, mental distress and anguish.

36. WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor, awarding damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

## COUNT III--- VIOLATION OF FREE SPEECH

37. Plaintiff realleges and reincorporates all previous paragraghs.

38. As described above Defendant Officers, acting under color of law, conspired among them to separate Plaintiff from the mother of the young boy who'd been beaten and to silence Plaintiff about any reproach that could be taken by the boy's mother thus violating Plaintiff's right to free speech under the First Amendment to the Constitution U.S.C.A. Const. Amend. 1 and 42 U.S.C. Section 1983.

39. The misconduct of the Defendant Officers of attempting to cease Plaintiff from speaking with the boy's mother and hospital personnel and instructing him to leave the scene was undertaken with malice, willfulness and reckless indifference to the rights of Plaintiff.

40. The misconduct of the Defendant Officers resulted in threats of arresting Plaintiff and a retaliatory arrest and incarceration of Plaintiff on the following day.

41. Wherefore, Plaintiff respectfully request that judgment be entered in his favor, awarding damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

## COUNT IV---VIOLATION OF FREEDOM OF ASSEMBLY

42. Plaintiff realleges and reincorporates all previous paragraghs.

43. Plaintiff was peacefully assembled in two places where he had the legal right to assemble and was harassed by officers to remove himself in violation of Plaintiff's First Amendment Right to Assembly and 42 U.S.C. Section 1983.

44. As described above Defendant Officers, acting under color of law, first instructed Plaintiff that he could not be present in the public area where the young boy had

been beaten. Second the Plaintiff was followed by Defendant Officers to the hospital while he accompanied the young boy's mother and again the Defendant Officers approached him and instructed that he could not be present at the hospital.

45. The misconduct of the Defendant Officers described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

46. As a direct result of Defendant Officers misconduct Plaintiff was threatened by the Officers and subsequently arrested in retaliation for knowing his rights.

47. Wherefore, Plaintiff respectfully request that judgment be entered in his favor, awarding damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

## COUNT V---VIOLATION OF PLAINTIFF'S RIGHT TO PETITION THE COURTS

48. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

49. As described above Defendant Officers, acting under color of law, approached Plaintiff on two separate occasions and attempted to prevent him from instructing a victim about the proper way to seek redress within the courts regarding police misconduct/brutality. These efforts of prevention violated Plaintiff's First Amendment Right to Petition the Courts and 42 U.S.C. Section 1983.

50. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

51. Plaintiff's persistence in informing the mother of her rights against Defendant Officers resulted in threats of an arrest of Plaintiff and a retaliatory arrest and incarceration of Plaintiff on the following day.

52. Wherefore, Plaintiff respectfully request that judgment be entered in his favor, awarding damages, legal costs, including attorney's fees, and other such relief as the Court deems just and appropriate.

## COUNT VI—42 U.S.C. Section 1983 *Monell* Claim

53. Plaintiffs reallege and incorporate all of the allegations in the preceding paragraphs.

54. The actions of the individual defendants as alleged above were done pursuant to one or more *de facto* policies, practices and/or customs of the City of Chicago, Chicago Police Department, the CPD's Office of Professional Standards, and the CPD's Internal Affairs Division.

55. Among the de facto policies of the municipality and its agents were:

   a.  The failure to properly investigation allegations of police misconduct.

   b.  The failure to have a system which monitors patterns of alleged police misconduct.

   c.  The failure to properly discipline sustained allegations of police misconduct.

   d.  The failure to properly maintain records of police misconduct and allegations of police misconduct, including the use of excessive force and false arrest.

   e.  The failure to properly hire, train, monitor, and/or supervise officers.

8

**f.** A *de facto* policy, practice, and custom of the police code of silence results in police officers refusing to report instances of police misconduct of which they are aware, including the use of excessive force and the maltreatment of prsons, despite their obligation under Department regulations to do so.  This conduct included police officers who remain silent or give false or misleading information during official investigations in order to protect themselves or fellow officers from internal discipline or retaliation, civil liability, or criminal prosecution.

56. The aforementioned policies, practices, and customs, individually and collectively have been maintained and/or implemented with deliberate indifference by the Defendant City of Chicago, Defendant Police Superintendent Cline, Defendant Office of Professional Standards Administrator Tisa Morris, and Defendant Head of Internal Affairs Division Debra Kirby, and have encouraged the individual Defendants to commit the aforesaid wrongful acts against plaintiffs, and therefore acted as a direct and proximate cause of the complained of Constitutional and other legal violations, and Plaintiff's injuries.

57. WHEREFORE, Plaintiffs request that judgment be entered in favor of Plaintiffs and against Defendant City of Chicago, and that the Plaintiffs be awarded compensatory damages, reasonable attorney's fees, costs, expenses and any other relief that this Honorable Court finds appropriate and just.

## COUNT VII --- RESPONDEAT SUPERIOR

58. Plaintiff realleges and incorporates all of the allegations in the preceding paragraphs.

59. In committing the acts alleged in Count II, Defendant Officers were members and agents of the City of Chicago Police Department, acting at all relevant times within the scope of their employment.

60. Defendant City of Chicago is the employer of the Defendant Officers.

61. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.  735 ILCS 10/9-102.

62. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered physical and emotional injuries.

63. Wherefore, Plaintiff demands judgment against Defendant City of Chicago actual and compensatory damages in an amount deemed at time of trial to be fair and just, as well as reasonable attorneys' fees and legal costs.

PLAINTIFF DEMANDS TRIAL BY JURY.


Respectfully Submitted,


_____
Brendan Shiller

Brendan Shiller
36 S. Wabash, Suite 1310
Chicago, IL 60603
312-332-6462
ARDC: 6279789