IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM FLEMING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 4618 |
| ) | |
| CHICAGO POLICE OFFICER TAMLO ) | Judge Bucklo |
| STAR #14977, CHICAGO POLICE OFFICER ) | |
| PILGRIM STAR #14264, and ) | Magistrate Judge Cole |
| the CITY OF CHICAGO, ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

**NOW COMES** the plaintiff, WILLIAM FLEMMING, by and through his attorneys, CIVIL RIGHTS CENTER, complaining of the Defendants, CHICAGO POLICE OFFICERS TAMLO and PILGRIM, and the CITY OF CHICAGO, and states as follows:

### INTRODUCTION

1. This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff ("Fleming") of rights secured by the Constitution and laws of the United States. In sum, Fleming was falsely arrested and imprisoned by members of the Chicago Police Department.

### JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C., § 1983, the Judicial Code, 28 U.S.C. § 1331 and 1343 (a); the

Constitution of the United States; and pendent jurisdiction for attendant state claims as provided under U.S.C., § 1367(a).

## PARTIES

3. Plaintiff, William Fleming ("Fleming") is a legal resident of the United States, who resides at 948 North Cleveland, in Chicago, Illinois 60638.

4. Defendant Officers Tamlo and Pilgrim were, at the time of this occurrence, employees of the City of Chicago Police Department and acted under their authority as duly appointed police officers in the City of Chicago Police Department at all relevant times.

5. Defendant City of Chicago is a municipal corporation organized under the laws of the State of Illinois. It was the employer of Defendant Officers.

## FACTS COMMON TO ALL COUNTS

6. On or about May 7, 2007, Fleming was working as a community organizer/ activist in Cabrini Green housing projects in Chicago, Cook County, Illinois.

7. Fleming's responsibilities included protecting children while they leave school, advising community members of their rights, and advising victims of police brutality.

8. On May 7, 2007 a member of the community called Fleming and asked him to come to their location for advice regarding an incident.

9. When Fleming arrived at the location he began to speak with the mother of a young boy.

10. The boy's mother informed Fleming that her son had been taken to the hospital.

11. Fleming and the boy's mother went to the hospital where the boy's mother

attempted to inquire about her son. While she inquired, Chicago Police Officers approached Fleming and the mother and told them to leave.

12. Fleming informed the Officers that the boy's mother had a right to be there because he was a minor.

13. Security personnel for the hospital then informed the Defendant Police Officers that Plaintiff was correct and that both Plaintiff and the boy's mother could stay.

14. Following this exchange with the security guard one of the Police Officers threatened Plaintiff that he would see him back in the Cabrini Green neighborhood, to which Plaintiff responded that the cameras would see him too.

15. On the next day May 8, 2007 plaintiff was arrested by defendant officers without any lawful basis.

16. Defendant Officers conspired and agreed amongst themselves to illegally arrest Mr. Fleming, and to hide and conceal evidence of their illegalities.

17. Defendant Officers conspired and agreed amongst themselves to falsely charge Mr. Fleming with crimes they knew he did not commit. In furtherance of this conspiracy, Defendants filled out and filed false and incomplete police reports relative to plaintiff's arrest. Defendant Officers failed to appear at the initial court date and the charges against Plaintiff were subsequently dropped in a manner indicative of plaintiff's innocence.

18. As a direct and proximate result of the malicious actions of the co-conspirators, plaintiff was injured, including but not limited to loss of freedom, invasion of privacy, humiliation, pain, suffering, the deprivation of constitutional rights and

dignity, lost time, damage to his business and reputation, and extreme emotional distress.

## COUNT I

### 42 U.S.C. SECTION 1983 - FALSE ARREST

19. Plaintiff realleges and reincorporates all previous paragraphs.

20. As described above, Defendant Officers conspired among themselves and falsely arrested and detained Plaintiff without justification and without probable cause thus violating plaintiff's rights under the Fourth Amendment to the United States Constitution, and 42 U.S.C. Section 1983.

21. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

22. In support of the false arrest, Defendant Officers swore out complaints containing false information, and wrote police reports containing false information.

23. Defendant Officers knew these complaints to be false.

24. By this conduct, Defendant Officers caused the unlawful detention of Plaintiff.

25. As a direct and proximate result of the wrongful actions of Defendants, Plaintiff suffered mental, emotional and physical damage and traumas, humiliation, loss of liberty, mental distress and anguish.

WHEREFORE, plaintiff William Fleming demands judgment against defendants, jointly and severally, for compensatory damages and further demands judgment against each of the defendants, jointly and severally, for punitive damages, plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just, proper, and equitable.

4

## COUNT II

## STATE LAW CLAIM - MALICIOUS PROSECUTION

26. Plaintiff realleges and reincorporates all previous paragraphs.

27. By the actions detailed above, and by participating in the above-described conspiracy, the individual defendants knowingly sought to and did in fact maliciously prosecute William Fleming on false charges for which they knew there was no probable cause.

28. The City is sued in this Count pursuant to the doctrine of respondeat superior, in that defendant officers performed the actions complained of while on duty and in the employ of defendant City, and while acting within the scope of this employment.

29. As a direct and proximate result of the malicious prosecution, William Fleming was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation and anguish.

WHEREFORE, plaintiff William Fleming demands judgment against defendants, jointly and severally, for compensatory damages and further demands judgment against each of the defendants, jointly and severally, for punitive damages, plus attorneys' fees pursuant to statute and the costs of this action and such other relief as this Court deems just, proper, and equitable.

## Count III

## 745 ILCS 10/9-102

30. Plaintiff realleges and reincorporates all previous paragraphs.

5

31. Defendant City of Chicago is the employer of the Officer Defendants.

32. Defendants committed the acts alleged above under color of law and in the scope of their employment as employees of defendant City of Chicago.

WHEREFORE, should the Officer Defendants be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

**PLAINTIFF DEMANDS TRIAL BY JURY.**


Respectfully Submitted,

WILLIAM FLEMING


/s Brendan Shiller_____
Brendan Shiller

Civil Rights Center, P.C.
4554 N. Broadway, Suite 325
Chicago, IL 60640
773-907-0940